IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. ROBLES,

    Plaintiff,

  v.                                                No. CIV 13-0695 RB/RHS

BOARD OF COUNTY COMMISSIONERS,
METROPOLITAN DETENTION CENTER,
RAMON RUSTIN, DIRECTOR (MDC),
MATHEW CANDELARIA, STG CAPT,
JANE DOE #1,
JOHN DOE #2,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that when Plaintiff was booked into the Metropolitan Detention Center, he was segregated from another inmate (Sarabia), and a "keep away" directive was issued as to Plaintiff and Sarabia.  Plaintiff did not know about the "keep away" directive.  He was subsequently returned to the same pod with Sarabia, who confronted him about the "keep away" order and violently attacked him.  Plaintiff asserts that Defendant John Doe #2 falsely told Sarabia that Plaintiff had requested the "keep away" order.  The complaint seeks damages for civil rights violations and negligence by Defendants.

No relief is available against Defendant Metropolitan Detention Center.  The detention center "is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000); *see also White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  The Court will dismiss Plaintiff's claims against Defendant Metropolitan Detention Center.  Plaintiff will be allowed a reasonable time to identify the Doe Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Metropolitan Detention Center are DISMISSED, and this Defendant is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with a copy of the complaint, for Defendant Board of County Commissioners; and to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants Rustin and Candelaria.

_____
UNITED STATES DISTRICT JUDGE